PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her *94 2006 Chevrolet Monte Carlo struck rocks while she was traveling on State Route 54 in Mullens, Wyoming County. State Route 54 is a public road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below. The incident giving rise to this claim occurred at approximately 3:45 a.m. on February 21, 2007. State Route 54 is a two-lane road, with one lane traveling in each direction, and the speed limit is forty-five miles per hour. Claimant was proceeding on State Route 54 at approximately forty-five miles per hour when she encountered rocks in the road that had fallen from the hillside. Claimant stated that the rain and fog contributed to the poor visibility. Although claimant travels this stretch of road on a daily basis, she did not notice the rocks before her vehicle struck them. However, she stated that rocks occasionally fall in this area. As a result of this incident, claimant’s vehicle sustained damages over the amount of her insurance deductible, which was $1,000.00.
The position of the respondent is that it did not have actual or constructive notice of the rocks on State Route 54. Thomas Joseph Cook, Equipment Operator for respondent in Wyoming County, testified that he is familiar with the area where claimant’s incident occurred. He stated that State Route 54 is a first priority road in terms of its maintenance. Mr. Cook stated that rocks occasionally fall during the winter months, and there are falling rock signs located in this area. The DOH 12, a record of respondent’s daily work activities, indicates that respondent cleaned up the rocks on February 21, 2007.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapmanv. Dep’t of Highways, 16 Ct. Cl. 103 (1986), Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dep’t of Highways, 16 Ct. Cl. 68 (1986).
In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on State Route 54 in Wyoming County. The Court cannot hold respondent liable for the spontaneous falling of rocks. While the Court is sympathetic to claimant’s plight, the fact remains that there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed